ROMEY, Respondent, vs. ROCK COUNTY SUGAR COMPANY, Appellant.

*January 12—February 9, 1915.*

*Contracts: Growing sugar beets: Pitting: Failure to cover: Spoiling:
Right to recover price: Appeal: Undetermined questions of fact.*

In an action to recover the contract price of sugar beets grown for defendant and compensation for pitting them, it appeared that plaintiff agreed to cover the beets when pitted. The trial court found that he did cover them, but there was no evidence to support such finding. It not appearing clearly from the evidence whether the subsequent spoiling of the beets was caused by failure to cover them, upon reversal of the judgment for plaintiff the cause is remanded for determination of the questions whether he in fact fulfilled his contract by covering the beets, and, if he did not, whether the spoiling was caused by his failure to do so.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

Action to recover the contract purchase price of sugar beets and compensation for pitting same.

January 18, 1911, the plaintiff entered into a written agreement with the defendant to plant, cultivate, and harvest in good and workmanlike manner two or more acres of sugar beets and deliver the same to the defendant, who was to furnish seed and give instructions for doing the work. The agreement provided that "the title to said seed and to the crop of beets when the same begin to grow shall be and remain in the company [defendant]. Said beets shall be delivered by the grower to the company at its receiving station and subject to the usual deduction for tare, leaves, improper topping, damaged beets, dirt and other refuse, at such times as required by the company." The defendant was to pay $5 per ton net weight for beets averaging fourteen per cent. or less of sugar and fifty cents per ton for each additional one per cent. of sugar.

The plaintiff planted, cultivated, and harvested six acres of beets, averaging thirteen tons per acre, in accordance with the terms of the contract. The trial court found that the beets were ready for delivery about October 15, 1911; that defendant was so notified by plaintiff, but that it informed him that it could not receive the beets owing to a lack of cars, and that about the first week of November it requested him to pit and suitably cover same, for which service it would pay him forty cents per ton; that in pursuance of said request and promise he did pit and suitably cover the beets, but owing to a thawing temperature the beets heated and became unfit for use, and defendant refused to receive or pay for them. Judgment for the plaintiff was rendered for the contract price of the beets, viz. $390, plus $31.20, the agreed price for pitting the same, less $60 advanced by the defendant and $10.50 for seed furnished by defendant, leaving a balance of

$350.70, with interest and costs. From this judgment the defendant appealed.

For the appellant there was a brief by *Jeffris, Mouat, Oestreich & Avery,* and oral argument by *O. A. Oestreich.*

*J. H. Page,* for the respondent.

Winslow, C. J. The case is simple. The title to the beets was in the defendant. The plaintiff cultivated and harvested them properly and would have delivered them had the defendant been able to obtain cars to transport them. While waiting for cars the beets were lying in small piles in the field and were frozen. This was not the plaintiff's fault. It seems also that freezing does not materially harm them if they are not allowed to thaw out. While in this condition, the parties agreed that plaintiff should pile them in two large piles and cover them, at the price of forty cents per ton. This was called pitting them. The reason for covering was that they might remain frozen. This was a perfectly valid contract. If it was faithfully performed by the plaintiff he would necessarily be entitled to recover the contract price of the beets, as well as the contract price for pitting, regardless of the question whether the beets spoiled as a result of a sudden change of weather. If not carried out, however, *i. e.* if the piles were not covered as agreed and the beets thawed out by reason of the failure to cover, it is plain that plaintiff should not recover either for the beets or for pitting them.

Here arises the difficulty in the case. The court found that the plaintiff covered the beets. Examination of the record shows that there is no evidence sustaining this finding, hence it drops out, and the situation is that the plaintiff piled up or "pitted" the beets only and that the change in temperature caused them to thaw and spoil. Defendant claims that the spoiling was caused by the failure to cover; plaintiff by his brief claims that covering would have done no good but would have made them spoil faster. We do not feel that the

evidence is clear enough either way to justify us in deciding this question on the present record.   We think the case should be remitted to the trial court to determine two questions, viz.: (1) whether the plaintiff in fact fulfilled his contract by covering the piles of beets; (2) if not, whether the beets spoiled by reason of the failure.   If the first question be answered in the affirmative, judgment for the plaintiff will necessarily follow.   If, however, it be answered in the negative, and only in that event, it will be necessary to answer the second question.   If this be answered in the affirmative, then there can be no recovery by the plaintiff; if in the negative, he should recover the price of the beets, but not the price of pitting them.   The findings already made up to the finding that the plaintiff covered the beets are not disturbed and are not to be again tried.   Only the questions indicated in this opinion are to be reopened, and upon those questions the trial court may consider not only the evidence already taken, but any further material and relevant evidence which the parties may produce.

*By the Court.*—Judgment reversed, and action remanded for further proceedings in accordance with the opinion.